UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>v.<br><br>Travon Lavelle Blackman (1),<br><br>                      Defendant. | Case No. 20-cr-0136 (WMW/HB)<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture.  (Dkt. 85.)  The Court finds that the property at issue is subject to forfeiture, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offense of which Defendant Travon Lavelle Blackman has been found guilty.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's Motion for a Preliminary Order of Forfeiture, (Dkt. 85), is **GRANTED**.

2. Defendant Travon Lavelle Blackman shall forfeit to the United States a Glock, model 22, .40-caliber semiautomatic pistol, bearing serial number KTX941, a 50-round drum magazine, and any ammunition and accessories seized therewith (the Property).

      3.      The United States Attorney General or an authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture.

      4.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the Property in such manner as the Attorney General may direct.

      5.      This Order shall become final as to Defendant at the time of sentencing, made part of the sentence and included in the judgment.  Fed. R. Crim. P. 32.2(b)(4)(A), (B).

      6.      Following the Court's disposition of any petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee.

      7.      This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.  Fed. R. Crim. P. 32.2(e).

Dated:  January 12, 2021                                   s/Wilhelmina M. Wright
                                                                                  Wilhelmina M. Wright
                                                                                   United States District Judge